ORIGINAL

FILED

10/17/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0473

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 22-0473

STATE OF MONTANA,

Plaintiff and Appellee,

v.

PHILIP BRYSON GRIMSHAW,

Defendant and Appellant.

FILED

OCT 17 2023.

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Defendant and Appellant Philip Grimshaw moves to stay disposition of his appeal and for a limited remand to the District Court for purposes of resolving his motion for new trial. The State opposes the motion, arguing that Grimshaw's motion for new trial is untimely and the issue he raises must be deferred, if at all, to a proper postconviction proceeding.

Grimshaw was convicted of sexual intercourse without consent on April 18, 2018. This Court reversed and remanded the case for a new trial. *State v. Grimshaw*, 2020 MT 201, 380 Mont. 366, 355 P.3d 742. Following a three-day trial, a Cascade County jury found Grimshaw guilty of sexual intercourse without consent on November 17, 2021. Grimshaw filed a notice of appeal on August 23, 2022. This Court has granted the Appellate Defender numerous extensions of time to file the opening brief, which presently is due October 30, 2023.

On September 15, 2023, Grimshaw filed a motion for a new trial in the District Court. He now moves to stay this appeal until the District Court rules on his motion. Grimshaw asserts that he only recently discovered facts indicating that the Clerk of District Court and the County Sheriff apparently did not follow the required jury panel selection processes when this trial was held, which he argues "is an extraordinary development in this case." Citing our May 21, 2019 Order in *State v. Edwards*, DA 18-0254, Grimshaw contends that staying the appeal serves the interests of judicial economy because, if the District Court

denies Grimshaw's motion for a new trial, he may appeal that denial alongside his pre-existing bases for appeal, but if the court grants the motion and orders a new trial, his appeal will be moot. Grimshaw adds that this Court has allowed a defendant to raise improprieties in the jury selection process for the first time on appeal if those facts were only recently discovered, noting that "counsel had a right to rely on the judge and clerk to follow their statutory duties." *Solberg v. County of Yellowstone*, 203 Mont. 79, 84, 659 P.2d 290, 291-92 (1983) (quoting *Dvorak v. Huntley Project Irrigation District,* 196 Mont. 167, 171-72, 639 P.2d 62, 64(1981) ("if counsel does not have the knowledge, or means of knowledge, of the irregularity in the drawing of the jury or the panel from which it is selected until after the verdict, the question may be raised for the first time on motion for new trial.").

The State counters that Grimshaw's case already has been pending on appeal for more than a year and his motion for new trial is untimely. Citing § 46-16-702(2), MCA, and this Court's precedent, the State notes that the statute "requires a defendant seeking a new trial to do so within 30 days following the verdict or finding of guilty." Though a trial court may order a new trial past the thirty-day limit, the State argues that this Court has held such motions untimely when filed after judgment of conviction. Once the judgment is final, the State maintains, the defendant must pursue his claims through a petition for post-conviction relief. The State cites *Marble v. State,* where we noted that "[a] defendant who has been convicted by a court or jury of a crime but against whom a final judgment of conviction and sentence has not yet been entered has a brief window of time within which to file a motion for new trial." 2015 MT 242, ¶ 26, 380 Mont. 366, 355 P.3d 742 (citing § 46-16-702(2), MCA). We observed that the statutory thirty-day window "invariably closes before the imposition of a judgment of conviction, given the statutory requirements of a presentence investigation, preparation of a report, and the scheduling and conduct of the sentencing hearing." *Marble,* ¶ 26. "Thus, as the State posits, a defendant seeking a new trial will do so before a final judgment of conviction and sentencing has been entered." *Marble,* ¶ 26. "By contrast, a postconviction relief petitioner seeks relief well after his conviction has become

2

final." *Marble*, ¶ 27. The distinction is notable, the State posits, because, as we clarified in *Marble*, the standards for obtaining a new trial differ when the claim is made in a postconviction petition as opposed to a new trial prior to the conviction. *Marble*, ¶¶ 29-31.

Upon review of the parties' submissions, we conclude that the interests of judicial economy favor Grimshaw's position. The State's arguments go to the merits of whether Grimshaw's motion for new trial is timely and should be granted. Those questions should be addressed first by the court in which the motion is filed. As Grimshaw points out, if he loses that argument, he may include it with the appeal of his conviction.

IT IS THEREFORE ORDERED that the appeal in this matter is STAYED and the briefing schedule is vacated until the District Court issues a decision on the Defendant's pending Motion for a New Trial.

IT IS FURTHER ORDERED that the District Court shall issue a written decision on the Defendant's pending Motion for New Trial and for Hearing after the conclusion of briefing or following an evidentiary hearing, if one is held. If the District Court denies the motion for a new trial, it shall file a written decision to that effect and promptly transmit the District Court record to this Court, Cause No. DA 23-0528. Upon receiving the record, the stay will be lifted and the Appellant's brief will be due in 30 days.

If the District Court grants the motion for a new trial, the Appellant will take appropriate action to resolve the stayed appeal. Nothing in this Order shall be construed to limit the right of the State, under the law governing the State's appeal rights, to file a notice of appeal from a decision granting the motion for a new trial or other relief.

The Clerk is directed to provide notice of this Order to the Clerk of the Eighth Judicial District Court; to the Hon. Deborah Kim Christopher, presiding judge; and to all counsel of record.

DATED this 1 7 day of October, 2023.

_____

3

_____

_____

_____

_____
Justices